IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MAURICE JACKSON,<br>       Plaintiff, | § § § | |
| v. | § § | EP-12-CV-85-PRM |
| CRYSTAL, employee of Ace Cash Express,<br>       Defendant. | § § § § | |

**MEMORANDUM OPINION AND ORDER DISMISSING COMPLAINT**

On this day, the Court considered *pro se* Plaintiff Maurice Jackson's[1] (Plaintiff) "Application to Proceed in District Court without Prepaying Fees or Costs" (ECF No. 1) [hereinafter IFP Motion], filed on March 12, 2012 in the above-captioned cause. Therein, Plaintiff asks the Court to allow him to proceed *in forma pauperis*, thereby permitting him to prosecute his proposed complaint (ECF No. 1-1) [hereinafter Complaint] without prepayment of filing fees. After due consideration, the Court is of the opinion that Plaintiff's request to proceed *in forma pauperis* should be granted and that his Complaint should be docketed. However, the Complaint should then be dismissed.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff's Complaint alleges that he was defrauded by Crystal, an employee of "Ace Checking Express Cash" (Ace). Compl. 6. Plaintiff asserts that he attempted to cash "a government check from the I.R.S." at the Ace store. *Id.* Despite signs posted therein stating that there is a three-percent surcharge for "government checks," Plaintiff avers that Crystal instead

---

[1] At the outset, the Court notes that Plaintiff has previously filed suits that have either been dismissed as frivolous or dismissed for lack of prosecution. *See Jackson v. Briones et al.*, 3:11-CV-332-PRM ( W.D. Tex. Aug. 23, 2011); *Jackson v. Parker et al.*, CV-09-078-TUC-FRZ (D. Ariz. Jan. 29, 2010) ("Plaintiff has filed eight other pro se complaints, equally unintelligible, which have all be dismissed *sua sponte* pursuant to 1915(d) and for failure to amend.").

attempted to charge Plaintiff a flat rate of twelve dollars. *Id.* Based on these facts, Plaintiff files suit for "theft of government I.R.S. monies embez[zle]ment of false transition actions, p[e]rjury, [and] fraud." *Id.*

## II. LEGAL STANDARD

A court is authorized to allow the commencement of a civil action without prepayment of filing fees by a person who submits an affidavit that includes a statement of all assets that the person possesses as well as the nature of the action and the affiant's belief that he is entitled to redress. 28 U.S.C. § 1915(a)(1) (2006).

Section 1915(e)(2) provides grounds for which a court may dismiss a complaint that has been filed *in forma pauperis*. *Id.* §§ 1915(e)(2)(A)–(B). In addition to these grounds, a court may dismiss a complaint if the court does not have subject matter jurisdiction over the matter.

It is well settled that "federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They possess only that power authorized by the Constitution and statutes and the burden of establishing jurisdiction rests upon the party asserting the same. *Id.* Subject matter jurisdiction "is nonwaivable and . . . subject-matter delineations must be policed by the courts on their own initiative even at the highest level." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998)); *see also* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Even if "neither party raises the issue of subject matter jurisdiction, this court must consider jurisdiction *sua sponte*." *Equal Emp't Opportunity Comm'n v. Agro Distrib., LLC*, 555 F.3d 462, 467 (5th Cir. 2009).

A court reviews *pro se* pleadings under a less stringent standard than those drafted by attorneys, and such pleadings are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (explaining the lower standard for *pro se* pleadings).

### III. ANALYSIS

#### A. In Forma Pauperis

In accordance with 28 U.S.C. § 1915(a)(1), Plaintiff's IFP Motion states that he is presently unemployed and receives a Social Security disability pension. IFP Mot. 1. In addition, Plaintiff indicates that he has no other source of income. *Id.* at 2-3. Plaintiff's IFP Motion was concurrently submitted with his Complaint, wherein Plaintiff declares the nature of the cause of action he seeks to file along with his belief that he is entitled to relief. As such, Plaintiff's IFP Motion fulfills the requirements laid out by § 1915(a)(1) and demonstrates that Plaintiff is unable pay the filing fee in this action. Thus, the Court finds that Plaintiff does not have sufficient funds to pay the filing fee at the outset of this lawsuit, and is of the opinion that Plaintiff's IFP Motion should be granted. However, the Court does not have subject matter jurisdiction over the claims in Plaintiff's Complaint.

#### B. Subject Matter Jurisdiction

Since Plaintiff seeks to bring his case before the Court, he bears the burden of showing the basis for subject matter jurisdiction. *Kokkonen*, 511 U.S. at 377; *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009).

The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for "[f]ederal-question" jurisdiction and § 1332

provides for "[d]iversity of citizenship" jurisdiction. 28 U.S.C. §§ 1331–1332. A plaintiff properly invokes § 1331 jurisdiction when the plaintiff pleads a colorable claim "arising under" the Constitution or laws of the United States and a plaintiff invokes § 1332 jurisdiction when he presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. *Id.*

Federal question jurisdiction extends to cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997). To bring a case within § 1331, "'a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.'" *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 917 (5th Cir. 2001) (quoting *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936)). In the absence of any cognizable federal claim, federal question subject matter jurisdiction does not exist and the action must be dismissed. *Id.* at 921. A claim invoking federal question jurisdiction may also be dismissed for want of subject matter jurisdiction if it is not colorable, that is, if it is "immaterial and made solely for the purpose of obtaining jurisdiction" or is "wholly insubstantial and frivolous." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006) (citing *Steel Co.*, 523 U.S. at 89).

While Plaintiff pleads that the Court has federal question jurisdiction over his claims, the facts that he provides belie this contention.[4] Although he complains of the surcharge fee in his factual section, on the form complaint itself, Plaintiff selects "Title VII of the Civil Rights Act of

---

[4] Plaintiff's Complaint includes a form with a checklist on which he must "select the applicable jurisdiction." *Id.* at 1.

1964," which deals with employment discrimination. Compl. 1. This selection evinces that Plaintiff misunderstood the questions in the form complaint[5] because Plaintiff does not allege facts to support an employment discrimination claim or any other federal claim. After due consideration, the Court finds no federal right or cause of action that arises in favor of Plaintiff against Defendants based upon the allegations presented in the Complaint.

It is likewise clear that Plaintiff has failed to allege complete diversity of citizenship jurisdiction properly. While not a part of his Complaint, the Court looks to Plaintiff's "Civil Cover Sheet" (ECF No. 2), in an attempt to decipher Plaintiff's claims. Therein, Plaintiff selects "Diversity" in the section relating to jurisdiction but fails to allege that either he or Crystal are residents of different states.

As previously stated, diversity jurisdiction exists when the claims in the complaint are between citizens of different states and when the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Even if the amount in controversy exceeds $75,000, Plaintiff does not adequately plead that the parties are citizens of differing states. After due consideration, the Court is of the opinion that it also does not have subject matter jurisdiction based on diversity of citizenship over this matter.

IV.   CONCLUSION

Although the Court understands that Plaintiff complains of unfair treatment by Crystal, the Court does not have the legal authority to address the claims Plaintiff asserts in his Complaint. To the extent that Plaintiff seeks to pursue his claims against these defendants, he must do so in the

---

[5] Plaintiff selects a number of responses that pertain to employment discrimination, such as "failed to employ plaintiff" and "harassed plaintiff." *Id.* at 3.

appropriate state court.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff Maurice Jackson's "Application to Proceed in District Court without Prepaying Fees or Costs" (ECF No. 1) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court **FILE**, without prepayment of the filing fee, Plaintiff Maurice Jackson's "Complaint."

**IT IS FURTHER ORDERED** that the instant cause is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED AS MOOT**.

**SIGNED** this 19 day of **March, 2012**.

_____
PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE